# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **Felicia Ridgeway,** | ) CASE NO. 1:20 CV 103 |
| | ) |
| Plaintiff, | ) JUDGE PAMELA A. BARKER |
| | ) |
| v. | ) |
| | ) Memorandum of Opinion and Order |
| **Celina Culuma, *et al*.,** | ) |
| | ) |
| Defendants. | ) |

## INTRODUCTION

*Pro se* Plaintiff Felicia Ridgeway filed this action against University Rainbow Babies and Childrens ("RBC") Hospital Midwife Celina Culuma, University Hospital ("UH") Bainbridge Health Center, and UH Mentor Surgery Center. In the Complaint, Plaintiff claims Culuma bullied her and deleted medical records for her and her daughter. She does not assert legal claims and does not specify the relief she seeks.

## BACKGROUND

Plaintiff's Complaint is difficult to comprehend. She states Culuma, a midwife at UH, bullied and badgered her. She states Culuma deleted information on her medical laptop that pertained to her and her daughter. She alleges Culuma lied about her causing UH to send her certified letters barring her from coming with her daughter to her appointments. She objects to the examination techniques Culuma used on her daughter. She states her

daughter asked if she would be able to have additional babies. Plaintiff also contends Culuma's family pushed her at the Jack Casino.

**STANDARD OF REVIEW**

Although pro se pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court is required to dismiss an in forma pauperis action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the Complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-Defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id*. In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc*., 151 F.3d 559, 561 (6th Cir.1998).

**DISCUSSION**

Although the standard of review for *pro se* litigants is liberal, it requires more than bare assertions of facts or legal conclusions. *Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716, 726-27 (6th Cir. 1996). The Complaint must give the Defendants fair notice of what the Plaintiff's claims are and the grounds upon which they rest. *Id*. at 726; *Bassett v. National Collegiate Athletic Ass'n*, 528 F.3d 426, 437 (6th Cir. 2008). Plaintiff's Complaint does not contain a coherent statement of facts nor does it identify a viable legal theory upon which relief may be granted. Plaintiff does not specify the relief she seeks. This Complaint does not meet the basic notice pleading requirements.

**CONCLUSION**

Accordingly, Plaintiff's Motion to Proceed *In Forma Pauperis* (Doc. No. 2) is granted and this action is dismissed pursuant to 28 U.S.C. §1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED.**

                                                       S/Pamela A. Barker
                                                       PAMELA A. BARKER
Date: May 22, 2020                      U. S. DISTRICT JUDGE